UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-1-R

LESLIE R. CASSADY                                                                                         PLAINTIFF

v.

DEPARTMENT OF THE ARMY                                                                    DEFENDANT

**OPINION AND ORDER**

This matter is before the court on Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. # 14). For reasons that follow, Defendant's Motion to Dismiss is **DENIED.**

Mr. Leslie R. Cassady has brought this breach of contract action claiming that the Army failed to release him from active duty on July 1, 2002. Mr. Cassady claims that his damages are $1,200,000.

Mr. Cassady has stated a claim for breach of contract. Under 28 U.S.C. 1346 and 1491, the United States can be sued on a breach of contract claim. This court has jurisdiction for breach of contract claims of $10,000 or less. 28 U.S.C. § 1346(a)(2). Further, other district courts have maintained jurisdiction in suits where the plaintiffs have asked for injunctive relief for failure to release them from active military duty. *See Qualls v. Rumsfeld*, 357 F. Supp. 2d 274 (D.D.C. 2005). *See also Parrish v. Brownlee*, 335 F. Supp. 2d 661, 663 (E.D.N.C. 2004) (requested the army be enjoined from calling him to active duty). Neither of these situations apply here because Mr. Cassady has asked for relief of 1.2 million dollars and has not asked for an injunction. Because Mr. Cassady has asked for more than $10000 in damages, exclusive jurisdiction is in the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1).

1

As part of Mr. Cassady's damages, he has alleged pain and suffering. A claim of pain and suffering sounds in tort not contract. *See Kimble v. United States*, 25 Fed. Appx. 926, 928-29 (Fed. Cir. 2001). *See also Pratt v. United States*, 50 Fed. Cl. 469, 482 (Fed. Cl. 2001) ("The court lacks jurisdiction to award plaintiff's prayer for damages for emotional distress and pain and suffering....the court cannot award damages for the emotional consequences of a breach of contract because such consequences are speculative as a matter of law."). To the extent that pain and suffering would qualify as a tort under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, Mr. Cassady has no cause of action under that Act. *See Feres v. United States*, 340 U.S. 135, 146 (1950) ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service.")

Because Mr. Cassady's claim is a breach of contract claim over $10,000, exclusive jurisdiction is the United States Federal Court of Claims. 28 U.S.C. § 1491 (also known as the Tucker Act). Under 28 U.S.C. § 1631, when this court is without jurisdiction, it may in the interest of justice transfer the case to a court with jurisdiction. In the interests of justice, this case shall be transferred to the United States Court of Federal Claims.

**IT IS HEREBY ORDERED:**

The Motion to Dismiss (Dkt. # 14) is **DENIED**.

The case shall be transferred to the United States Court of Federal Claims.

cc: Counsel